**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Viva Leroy Nash,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,[1]<br><br>    Respondents. | No. CV-97-1104-PHX-MHM<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Dkt. 129.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition. (Dkts. 125, 126.)

A motion under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and only appropriate if the court is presented with newly discovered evidence, if the court committed clear error, or if there is an intervening change in controlling law. McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841

---

[1] Dora Schriro, Director of the Arizona Department of Corrections, is substituted pursuant to Fed. R. Civ. P. 25(d)(1).

F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).   Petitioner challenges the factual and legal conclusions reached by this Court in its resolution of his habeas claims.  Because the gravamen of such arguments is simply a demand that the Court rethink the decisions it has already made, Petitioner's motion must be denied.  Nevertheless, the Court will briefly reiterate its analysis in response to Petitioner's central contentions.

### *Ineffective assistance of counsel (Claims 1 and 2)*

Petitioner "takes issue" with this Court's determination that he is not entitled to habeas relied based upon the decision of the Arizona Supreme Court rejecting his claims of ineffective assistance of counsel.  State v. Nash, 143 Ariz. 392, 399, 694 P.2d 222, 229 (1985).  As explained in the Court's Memorandum of Decision and Order (Dkt. 125), Petitioner's claims of ineffective assistance are without merit because he has not "affirmatively prove[d]," as required by Strickland v. Washington, 466 U.S. 668, 693 (1984), that he was prejudiced by trial counsel's performance.  That is, he has not shown that, but for counsel's deficient performance, there is a "reasonable probability" that he would not have been convicted of first-degree murder.  Id. at 694.  Restating counsel's alleged failures in formulating a defense, as Petitioner does in his motion, does not constitute a basis for the Court to reconsider its denial of Claim 1.

Petitioner has also failed to show that, but for counsel's deficient performance, there is a reasonable probability that the trial judge would not have sentenced him to death.  In attacking the Court's denial of Claim 2, Petitioner cites numerous cases in which counsels' performance at sentencing was found to be prejudicial.  Each of these cases is readily distinguishable from Petitioner's because the finding of prejudice was based on counsels' failure to present mitigating evidence that was actually shown to exist. See, e.g., Rompilla v. Beard, 125 S. Ct. 2456, 2468 (2005) (prejudice existed because it

was "uncontested" that an adequate investigation would have revealed a "wide range" of mitigation information); Wiggins v. Smith, 539 U.S. 510, 534-35 (2003) (performance was prejudicial where counsel failed to discover "powerful" evidence, contained in social services records and obtained from family members, of severe childhood abuse); Summerlin v. Schriro, 427 F.3d 623, 642 (9th Cir. 2005) (petitioner was prejudiced by counsel's failure to present "strong," "significant," and "compelling" mitigation evidence, especially a "key mental health defense" that was not contained in the competency evaluation and therefore not offered to the sentencer). Petitioner's colorful rhetoric cannot camouflage the fact that in the more than two decades since his conviction, he has failed to present any mitigating information that was not before the trial court. Petitioner speculates that there once existed a rich, untapped vein of documentary evidence supporting his claims of mental illness. Such speculation is not sufficient to satisfy Petitioner's burden of affirmatively proving prejudice. Petitioner also complains that he was prejudiced by counsel's failure to present evidence or testimony to corroborate his allegations of childhood abuse. However, Petitioner himself did not testify at the sentencing hearing, and it is difficult to imagine that another source was available who could have corroborated events alleged to have occurred between Petitioner and his parents some sixty years earlier.

To counter his failure to offer new information in support of his claim that he was prejudiced by counsel's performance at sentencing, Petitioner appears to advance the argument that Strickland's two-prong test, demanding a showing of both deficient performance and prejudice, does not apply in a capital sentencing proceeding.[2] (Dkt. 129 at 12-13.) Of course, the Supreme Court announced the Strickland standard in the context of a capital sentencing proceeding, and continues to employ it therein. 477 U.S. at 693

---

[2] Petitioner writes that "the failure of counsel to investigate mitigation evidence *in and of itself* satisfies both the performance and the prejudice prong of Strickland." (Dkt. 129 at 12-13.)

3

("Conflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."); see, e.g., Rompilla, 125 S. Ct. at 2467 ("Since counsel's failure to look at the file fell below the line of reasonable practice, there is a further question about prejudice"); Wiggins, 539 U.S. 510, 534 ("In order for counsel's inadequate performance to constitute a Sixth Amendment violation, petitioner must show that counsel's failures prejudiced his defense"); see also Summerlin, 427 F.3d at 640 ("Although we have concluded that Summerlin's attorney rendered constitutionally ineffective assistance of counsel in investigating, developing, and preparing the penalty phase presentation of this capital case, that alone is not enough to justify habeas relief. Summerlin must also show that he was prejudiced by the ineffective assistance.").

### *Ake violation (Claim 6)*

Petitioner now contends that he was entitled, under Ake v. Oklahoma, 470 U.S. 68 (1985), to the appointment of a mental health expert to rebut the state-of-mind element in the pecuniary-gain aggravating factor set forth in A.R.S. § 13-703(F)(5). This is a new argument, inappropriate for a motion to reconsider. Northwest Acceptance Corp., 841 F.2d at 925-26. Moreover, it does not alter the Court's finding that Petitioner's right to fundamental fairness under Ake was not violated. The State did not present expert evidence at sentencing regarding Petitioner's state of mind, while Petitioner did offer Dr. Tatro's report as mitigation evidence of Petitioner's mental condition at the time of the crimes. Petitioner was not, therefore, unfairly denied an opportunity to "offer a well-informed expert's opposing view." Ake, 470 U.S. at 84.

### *Prior convictions (Claim 7)*

Petitioner argues that the Court "misinterpreted and therefore misapplied the controlling Arizona law" when it determined that Petitioner was not entitled to habeas relief based upon the Arizona Supreme Court's decision upholding the use of Petitioner's three

prior felony convictions as aggravating circumstances under the former A.R.S. § 13-454(E)(2) (now, as modified, § 13-703(F)(2)). Nash, 143 Ariz. at 404, 694 P.2d at 234. Petitioner restates his arguments that none of the prior offenses satisfied the definition of felonies "involving the use or threat of violence on another person." The Court repeats its conclusion that a "rational factfinder," Lewis v. Jeffers, 497 U.S. 764, 781 (1990), could have determined that the prior offenses were, by statutory definition, committed knowingly or intentionally and involved the use or the threat of violence. The Court further reiterates that a single, qualifying prior offense is sufficient to satisfy (F)(2), State v. Ramirez, 178 Ariz. 116, 130, 871 P.2d 237, 251 (1994), so that the aggravating factor would be established by a finding that any one of the three prior felony convictions – robbery, assault with intent to murder (involving the shooting of a policeman), and aggravated robbery and second-degree murder – met the criteria for a violent felony. Moreover, the Court again observes that the state courts found three aggravating factors but no mitigating circumstances, so that the elimination of the (F)(2) factor would not have affected Petitioner's sentence upon a reweighing of the aggravating and mitigating factors. State v. Bible, 175 Ariz. 549, 609, 858 P.2d 1152, 1212 (1993).

Finally, the Court notes that "[i]f a state law issue must be decided in order to decide a federal habeas claim, the state's construction of its own law is binding on the federal court." Horton v. Mayle, 408 F.3d at 576 (citing Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("This Court . . . repeatedly has held that state courts are the expositors of state law, and that we are bound by their constructions except in extreme circumstances not present here") (citations omitted)); see Hawkins v. Mullin, 291 F.3d 658, 662-63 (10th Cir. 2002) (habeas court is bound by state court's interpretation of its felony-murder statute). In determining that Petitioner's prior convictions satisfied the violent felony aggravating factor, the Arizona Supreme Court construed its own law. This Court is bound by that interpretation, and again concludes that the state court's decision was neither arbitrary nor

1 | capricious.  See Jeffers, 497 U.S. at 780.

*Grave risk of death to another person (Claim 9)*

The Arizona Supreme Court also determined that the State had proved, as an aggravating factor, that Petitioner's conduct during the murder placed another person at a "grave risk of death" for purposes of § 13-703(F)(3). Nash, 143 Ariz. at 405, 694 P.2d at 235. Petitioner complains that this Court "misconstrued the law on factor (F)(3)" when it determined that the supreme court's decision did not entitle him to habeas relief. Petitioner repeats his argument that because Ms. McCullough was an intended victim of the robbery, the (F)(3) factor cannot apply, and asserts that the cases cited in the Court's Order do not support the proposition that "the third party must be the intended victim of *murder*." (Dkt. 129 at 35.) Petitioner is incorrect. In State v. Gonzalez, 181 Ariz. 502, 514, 892 P.2d 838, 850 (1995), cited in the Court's Order (Dkt. 125 at 48), the Arizona Supreme Court rejected an argument identical to that raised by Petitioner, explaining that in order for the third party "to have been an intended victim, as contemplated by our cases, [the defendant] must have acted with the intent to kill her." In upholding the use of the (F)(3) factor, therefore, the supreme court correctly applied its own law.

For the reasons set forth above, Petitioner's motion for reconsideration must be denied.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion for reconsideration. (Dkt. 129.)

DATED this 30th day of September , 2006.

Mary H. Murguia
United States District Judge